JONES v. ALTENBRAND et al.

(Supreme Court, Appellate Term, First Department.  May 16, 1916.)

PROCESS ☞58—SERVICE ON ATTORNEY IN FACT.

 In an action for the value of attorney's services in adjusting claims on Lloyds insurance policies, upon which defendant was an underwriter, jurisdiction over defendant is not obtained by service of summons delivered to an attorney in fact appointed by defendant to appear in any suit on any "loss, claim, or demand that may arise from or under any policy issued in my name."

 [Ed. Note.—For other cases, see Process, Dec. Dig. ☞58.]

Appeal from City Court of New York, Special Term.

Action by Lorena Ridgley Jones against Henry Altenbrand and others. From an order granting plaintiff's assignee leave to issue execution on judgment, and from an order denying defendant's motion to set aside the judgment, the named defendant appeals. Both orders reversed.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

James F. Lynch, of New York City, for appellant.

John T. Fenlon, of New York City, for respondent.

GUY, J.  On January 26, 1906, the plaintiff, assignee of her husband, an attorney at law, recovered judgment against the defendants for the value of professional services alleged to have been rendered by the attorney in adjusting certain claims on Lloyds insurance policies upon which the defendant appellant was an underwriter. Jurisdiction over the appellant is claimed, not by service of the summons upon him, but by delivering it to Charles E. Ring, one of three attorneys in fact appointed by the defendant and his insurance associates for the carrying on of that business. In May, 1915, over nine years after the entry of the judgment in the City Court, it was docketed in the county clerk's office, and appellant claims that by the docketing the judgment was first brought to his attention. .

In August, 1915, plaintiff's assignee moved for leave to issue execution, and appellant thereafter moved to set aside the judgment, on the ground that the court had not obtained jurisdiction over him by service of the summons. Both motions were heard together. Appellant's application to set the judgment aside was denied, and the judgment creditor procured an order authorizing the issuance of execution; and from each of the orders the defendant Altenbrand appeals.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The court below held that the appellant was bound by the service of the summons in this action upon one of the attorneys in fact, because the power of attorney gave them, among other things, authority—

"to adjust and pay out of any moneys in their hands belonging to me any loss, claim, or demand that may arise from or under any policy issued in my name under this power, and in case of suit being brought against me on any such loss, claim, or demand, to appear for me in my name to defend or compromise such suit."

It may be that, if the action was brought upon a policy of insurance issued in pursuance of the power of attorney, service upon one of the attorneys (all of said attorneys constituting, as claimed by the respondent, a copartnership) would subject the defendant to the jurisdiction of the court. But this action was not brought on a policy of insurance; it was founded on a claim by the plaintiff's assignor, an attorney at law, that he had rendered professional services for the underwriters in the adjustment of claims upon their policies, and in such circumstances it is clear the court did not acquire jurisdiction over the appellant by the service of process upon the attorney in fact.

Order granting leave to issue execution reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Order denying motion to set aside judgment reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.